UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                               CASE NO: 6:24-cr-109-JSS-DCI

TYRONE JOSE BELTRAN LUGO
_____/

### ORDER

Pursuant to 18 U.S.C. § 3145(a), the United States moves for revocation of the conditional release order issued by Magistrate Judge Héctor L. Ramos-Vega, of the District of Puerto Rico. (Government's Motion, Dkt. 11.) Defendant responded in opposition to the Government's Motion (Dkt. 16) and also moves to modify the conditions of release. (Defendant's Motion, Dkt. 30.) The court held a hearing in this matter on May 28, 2024. Upon consideration, the court grants the Government's Motion and denies Defendant's Motion for reasons outlined below and stated on the record.

### BACKGROUND

On February 14, 2024, a federal grand jury in the District of Puerto Rico returned an indictment charging multiple people, including Defendant, with drug trafficking. (Dkt. 11 at 3; Dkt. 16 ¶ 1.) On or about February 15, 2024, Defendant was arrested and, shortly thereafter, his home in Orlando, Florida was searched pursuant to a warrant. (Dkt. 11 at 3.) During the search, the officers found and seized a duffel bag containing approximately 20 kilograms of cocaine, approximately $96,000

in cash, approximately 85 grams of heroin, and two loaded handguns with extended magazines. (*Id*. at 3–4.) On April 24, 2024, a federal grand jury in the Middle District of Florida returned an indictment charging Defendant with possession of controlled substances with intent to distribute based upon the contraband seized during the execution of the search warrant. (Dkt. 1.) On or about April 25, 2024, the Magistrate Judge set conditions of release. (Dkt. 12-1.)

## APPLICABLE STANDARDS

"The Bail Reform Act, 18 U.S.C. § 3142, governs the release and detention of defendants awaiting trial. The Act provides for district court review of a magistrate judge's detention order." *United States v. Orr*, No. 3:15-cr-67-J-39JRK, 2015 WL 13871041, at *3 (M.D. Fla. July 8, 2015). A district court may conduct a de novo review of a magistrate judge's detention order. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). To satisfy its burden that a defendant should be detained pending trial, the Government must establish by a preponderance of the evidence that the defendant is a flight risk or by clear and convincing evidence that the defendant is a danger to the community. *United States v. Francisco*, No. 2:24-mj-1015-JES-NPM, 2024 WL 887276, at *1 (M.D. Fla. Mar. 1, 2024) (citing *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988)); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985)). To make this determination, the court must consider the factors set forth in 18 § U.S.C. 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person including character, physical and mental condition, family ties, employment,

financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings and whether the person was on any form of release pending trial when the offense was committed, and (4) the nature and seriousness of the danger to any person or the community.

However, a presumption "arises 'if the judicial officer finds that there is probable cause to believe that the person committed an offense' of the sort" provided by subsection (f)(1)."[1] *United States v. Hurtado*, 779 F.2d 1467, 1477 (11th Cir. 1985) (finding "that an indictment is sufficient to demonstrate probable cause, creating a rebuttable presumption of flight under the terms of Section 3142(e)" but that "the defendant still must be afforded the opportunity for a hearing at which he may come forward with evidence to meet his burden of production, leaving on the government the ultimate burden of persuasion."); *United States v. Salman*, 241 F. Supp. 3d 1288, 1291 (M.D. Fla. 2017) (holding "[o]nce the government makes a showing of probable cause that the defendant committed one of the enumerated acts[,] this triggers the

---

[1] Section 3142(f)(1) comprises offenses that include: (a) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; (b) an offense for which the maximum sentence is life imprisonment or death; (c) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46; (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or (e) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code.

presumption that the defendant either constitutes a danger to the community or poses a risk of flight from justice."); *United States v. Field*, No. 613-cr-257-Orl-40TBS, 2017 WL 2103424, at *4 (M.D. Fla. May 15, 2017) ("A finding that the defendant poses a flight risk or is a danger to the community is sufficient to detain the defendant pending trial."). When the statutory presumption is triggered, "it becomes the task of the defendant to come forward with evidence to meet his burden of production—that is, evidence to suggest that he is either not dangerous or not likely to flee if turned loose on bail." *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985). In the event the defendant presents evidence to rebut the statutory presumption of detention, it is not erased but becomes "an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in section 3142(g)." *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988) (internal quotations and citations omitted).

## ANAYLSIS

Defendant is charged in an indictment with one count of possession of controlled substances with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Given the charge, a rebuttable statutory presumption exists that Defendant poses a danger to the community and a flight risk should he be released pending the outcome of this case. *See* 18 U.S.C. § 3142(e)(3).

The Government seeks detention on grounds that Defendant is a risk of flight and danger to the community. The Government argues that the offense Defendant is charged with carries a harsh penalty the realization of which may cause Defendant to

flee. The Government further proffered that although its investigation is ongoing, Defendant appears to be associated with a drug trafficking organization and gang activity. The Government argues that Defendant poses a danger to others due to the seriousness and the circumstances surrounding the charge and Defendant's affiliations. Defendant requests a modification of his release conditions and argues that his mother and wife reside with him in Orlando, he is employed as an Uber driver, and he has appeared at all court hearings thus far.

Upon consideration of the factors provided in 18 U.S.C. § 3142(g), to specifically include the nature and circumstances of the case, the weight of the evidence against Defendant, the history and characteristics of Defendant, and the risk of danger to the community, the court finds that Defendant should be detained pending the final outcome of this case. Specifically, the evidence against Defendant in this case is strong and involves a significant quantity of controlled substances, including cocaine and heroin found in Defendant's home. The possession and sale of such substances pose a serious risk of danger to the community. Further, Defendant's background and history weigh towards detention. Defendant has only minimal family ties in the Middle District of Florida as his extended family resides in the District of Puerto Rico. Defendant's Pretrial Services Report indicates that Defendant was previously charged with trafficking in oxycodone and cocaine and possessing drug paraphernalia. He also admittedly uses marijuana twice weekly. Although Defendant does not have a history of criminal convictions, has familial ties in Orlando, and has appeared at each hearing thus far, the Government has met its burden of establishing

5

by clear and convincing evidence that no conditions are available to reasonably assure the safety of the community or Defendant's future appearance in court. *See United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).

## CONCLUSION

Accordingly:

1. The Government's Motion for Revocation of the Magistrate Judge's Order Granting Conditions of Release (Dkt. 11) is **GRANTED**.

2. Defendant's Motion Requesting Order to Modify Conditions of Release (Dkt. 30) is **DENIED**.

3. Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**ORDERED** in Orlando, Florida, on May 29, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record